UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RASHAD FULCHER and AMY FULCHER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-264-TAV-DCP |
| | ) | |
| WYNDHAM WORLDWIDE OPERATIONS, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Amend Complaint [Doc. 31].[1] For grounds, Plaintiffs state that after the meet and confer with defense counsel, Plaintiffs have agreed to remove some counts and one Defendant, as well as rectify a few other mistakes. Plaintiffs filed a copy of their Third Amended Complaint [Doc. 31-2] as an exhibit to their Motion in accordance with Local Rule 15.1.

Defendants filed a Response stating that they generally do not object to the filing of the Third Amended Complaint but state that the Third Amended Complaint does not resolve all the issues identified in Defendants' previous motion to dismiss. Defendants further state, however,

---

[1] The Court notes that similar motions were filed in eleven other cases, including *Allen v. Wyndham, et al.*, No. 3:18-CV-259, *Amos v. Wyndham, et al.*, No. 3:18-CV-260; *Atkins v. Wyndham, et al.*, No. 3:18-cv-261; *Bauer v. Wyndham, et al.*, 3:18-CV-262; *Fray v. Wyndham, et al.*, 3:18-CV-263; *Helmly v. Wyndham, et al.*, No. 3:18-CV-266; *Miles v. Wyndham, et al.*, No. 3:18-CV-267; *Schnarr v. Wyndham, et al.*, No. 3:18-CV-268; *Thomas v. Wyndham, et al.*, No. 3:18-CV-269; *Willson v. Wyndham*, No. 3:18-CV-270; and *Wilson v. Wyndham, et al.*, No. 3:18-CV-271.

1

that in the caption of the proposed Third Amended Complaint, Plaintiffs include the following, "JURY DEMAND REQUEST." Defendants argue that if Plaintiffs are attempting to now request a jury with the filing of the Third Amended Complaint, such request is untimely and should be stricken.

In their Motion, Plaintiffs do not mention that they are amending their Complaint in order to request a jury, nor do they mention Federal Rules of Civil Procedure 38 or 39. In any event, however, Plaintiffs failed to file a reply to Defendants' Response, and therefore, it is unclear if the change in the caption was inadvertent or whether Plaintiffs are now requesting a jury. Plaintiffs **SHALL** file a notice within seven (7) days of entry of this Order explaining to the Court whether they intended to include a jury demand in the caption of their amended Complaint. At this time, the Court renders no opinion as to whether Plaintiffs are entitled to a jury trial.

    **IT IS SO ORDERED.**

    ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge